**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**P.M., Individually and on behalf of J.M., a child with a disability, and J.M., individually,**

                                       **Plaintiffs,**                         08-CV-0168A(Sr)

v.

**EVANS-BRANT CENTRAL SCHOOL DISTRICT,**

                                       **Defendant.**

---

## REPORT, RECOMMENDATION AND ORDER

This matter was referred to the undersigned by the Hon. Richard J. Arcara, to hear and report, in accordance with 28 U.S.C. § 636(b).  Dkt. #7.

Currently before the Court is defendant's motion to dismiss (Dkt. #3), and plaintiffs' motion to amend the caption of the complaint.  Dkt. #10.  For the following reasons, it is recommended that defendant's motion be granted in part and denied in part and plaintiffs' motion be denied as moot.

## BACKGROUND

Plaintiff, P.M., commenced this action individually and on behalf of his minor child, plaintiff, J.M., an individual with a disability, alleging that the defendant, Evans-Brant Central School District ("School District"), denied J.M. a free appropriate public education ("FAPE"), in violation of the Individuals with Disabilities Education Act

("IDEA"), 20 U.S.C. § 1415(i)(2); section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.*; and Article 89 of the New York State Education Law, after the New York State Department of Education's State Review Officer ("SRO"), dismissed P.M.'s appeal of the denial of a hearing request of July 30, 2007 and the denial of a hearing request of October 31, 2007.  Dkt. #2.  Plaintiffs assert three causes of action in their amended complaint: (1) denial of a FAPE with respect to the SRO's dismissal of the appeal of the July 30, 2007 hearing request; (2) denial of a FAPE with respect to the SRO's dismissal of the appeal of the October 31, 2007 hearing request; and (3) attorneys' fees in the event that plaintiffs are determined to be prevailing parties.  Dkt. #2.

The School District moved to dismiss the complaint on the grounds that: (1) plaintiffs failed to file the administrative records with their amended complaint; (2) P.M. failed to include his actual name within the caption of the amended complaint; (3) J.M. failed to provide his actual name to the School District and to the Court, whether under seal or otherwise; (4) J.M. is a minor and lacks capacity to commence this action in an individual capacity; and (5) the third cause of action seeking attorneys' fees is speculative.  Dkt. #3.

In the event that the Court finds defendant's arguments persuasive, plaintiffs move to amend the caption of the complaint.  Dkt. #10.  In support of the motion, plaintiffs attached a number of administrative records, some of which contain the full name of the minor child, J.M., and his parent, P.M.  Dkt. #9-4; 9-5; 11-4; 11-5.

Plaintiffs also submitted an affidavit from P.M., using his full name and J.M.'s full name and stating:

> I have no objection to my name or my son's name being made part of the public record by the filing of this affidavit.

Dkt. #9-9, ¶ 6 & Dkt. #11-9, ¶ 6.

## DISCUSSION AND ANALYSIS

<u>Administrative Record</u>

Defendant argues that this action should be dismissed for failure to file the administrative records with the initial pleading.  Dkt. #5, p.3.

Plaintiffs respond that counsel requested that the Office of State Review forward the administrative records to the Court.  Dkt. #9, ¶ 17.

20 U.S.C. § 1415(i)(2)(C) provides that

In any action brought under this paragraph, the court --

(i) shall receive the records of the administrative proceedings;

(ii) shall hear additional evidence at the request of a party; and

(iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.

As the Court received the records from the New York State Education Department's Office of State Review on August 11, 2008, 20 U.S.C. § 1415(i)(2)(C) has been

satisfied. Accordingly, it is recommended that defendant's motion to dismiss for failure to file the administrative record with the initial pleading be **DENIED.**

Proper Parties

Defendant argues that to the extent that J.M. is proceeding individually, the amended complaint must be dismissed because J.M. is a minor. Dkt. #5, p.6.

As Rule 17(c) of the Federal Rules of Civil Procedure provides that a representative of a minor, such as a general guardian, must sue on behalf of a minor, J.M. does not have capacity to prosecute this action on his own behalf. Accordingly, it is recommended that defendant's motion be **GRANTED** in so far as it seeks to dismiss J.M.'s individual claim.

Identification of Parties

Defendant argues that the amended complaint must be dismissed against P.M. as an individual and on behalf of his minor child, J.M. because P.M. has failed to identify himself by full name. Dkt. #5, pp.4-5.

Plaintiffs respond that the identities of plaintiffs in an IDEA action are confidential, but electronically filed an affidavit of the parent identifying himself and his minor child in an effort to remedy any omission the Court might find. Dkt. #9-10, p.11; Dkt. #11-9, ¶ 6.

> Rule 10 (a) of the Federal Rules of Civil Procedure provides that
>
> Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties . . . .

"This requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant #1*, __ F.3d __, No. 06-1590-CV, 2008 WL 3294864, at *3 (2d Cir. 2008). "The people have a right to know who is using their courts." *Id., quoting Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997) (Posner, J.).

Despite this general principle, "federal courts have permitted a party to proceed under a pseudonym when special circumstances warrant anonymity." *Doe v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2005) (collecting cases). The Court of Appeals for the Second Circuit has recently held that "when determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Sealed Plaintiff*, 2008 WL 3294864, at *3. The Court of Appeals identified the following relevant factors to be considered:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature;
>
> (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties;
>
> (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be

>   incurred as a result of the disclosure of the plaintiff's identity;
>
> (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age;
>
> (5) whether the suit is challenging the actions of the government or that of private parties;
>
> (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice, if any, differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;
>
> (7) whether the plaintiff's identity has thus far been kept confidential;
>
> (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity;
>
> (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and
>
> (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at *4. The decision whether to permit a party to proceed anonymously is within the sound discretion of the district court. *Id.; see Kolko,* 124 F.3d at 195.

Applying these factors to the instant case, the Court notes that Congress and the Judicial Conference have recognized the privacy interests of minor children and directed that court filings utilize initials to reference an individual known to be a minor. *See* Fed. R. Civ. P. 5.2(a), adopted in compliance with section 205(c)(3) of the E-

Government Act of 2002, Public Law 107-347.  Since a parent must proceed on behalf of a minor child, the protection afforded to the minor would be eviscerated unless the parent was also permitted to proceed using initials.  Moreover, this is not a case where a defendant will be unaware of the identity of the plaintiffs, as the defendant will necessarily have been involved in administrative proceedings before an IDEA claim may be commenced in federal court.  Nor is it a case where the identity of the plaintiff is necessary for the public to assess the appropriateness of a School District's response to a request for individualized educational assistance.  In contrast, the information contained within the administrative record for such a claim will almost certainly contain social, medical and psychological information about the minor child.  The sensitivity of such information is recognized by 20 U.S.C. § 1417(c), which requires state and local educational agencies to ensure the confidentiality of any personally identifiable data, information, and records collected or maintained by such agencies.  Therefore, it is the opinion of this Court that in an action commenced by a parent or guardian on behalf of a minor child pursuant to the IDEA, the plaintiffs should be permitted to proceed, as a matter of course, using initials in place of full names in public filings with the Court.

In the instant case, the Court is concerned that plaintiffs have jeopardized the confidentiality to which they are entitled by publicly filing an affidavit and several exhibits containing their complete names.  *See V.R. v. Board of Educ. of the City of N.Y.*, No. 03 Civ. 1031, 2003 WL 1565954 (S.D.N.Y. Mar. 13, 2003) (leaving names out of captions would yield little enhancement of privacy where "exhibits to the complaints, which plaintiffs voluntarily attached and for which they have sought no confidentiality,

disclose plaintiffs' identities."). However, the Court is reticent to waive the minor's privacy interests in potentially sensitive medical, psychological and educational records due to counsel's failure to request that such records be filed under seal. Accordingly, it is hereby **ORDERED** that the exhibits containing plaintiffs' actual names (Dkt. #9-4; 9-5; 11-4; 11-5), be stricken from the record and refiled with the full names redacted and replaced with plaintiffs' initials and that the affidavit filed at Dkt. #9-9 & Dkt. #11-9 be sealed. Moreover, it is recommended that defendant's motion to dismiss the amended complaint against P.M. and J.M. be **DENIED** and that plaintiffs be permitted to proceed under the existing caption of "P.M., individually and on behalf of J.M., a child with a disability." Dkt. #3.

Prevailing Party

Defendant argues that plaintiffs' third cause of action must be dismissed because plaintiffs are not prevailing parties. Dkt. #5, p.6.

Plaintiffs respond that they are seeking attorney's fees in the event that they are found to be prevailing parties following review of the administrative decisions by this Court. Dkt. #9-10, p.12.

> 20 U.S.C. § 1415(i)(3)(B) provides that
>
> In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs –
> > (I) to a prevailing party who is the parent of a child with a disability.

As plaintiff is not currently a prevailing party, the cause of action for attorney's fees is premature. *See Lindow ex Rel. Lindow v. Board of Educ. of Fayetteville Manlius Central*, No. 5:04-CV-803, 2005 WL 1843294 at *3 (N.D.N.Y. July 26, 2005) ("accrual of a cause of action for attorney's fees first occurs when plaintiff has become a prevailing party"). Accordingly, it is recommended that this aspect of defendant's motion to dismiss be **GRANTED** without prejudice.

## **CONCLUSION**

Based on the foregoing, it is **RECOMMENDED** that the defendant's motion to dismiss (Dkt. #3), be granted in part and denied in part. Specifically, it is recommended that:

(1) J.M. be dismissed as an individual party;

(2) P.M. be permitted to proceed individually and on behalf of his minor child, J.M. under the existing caption of "P.M., individually and on behalf of J.M., a child with a disability;" and

(3) the cause of action for attorneys' fees be dismissed without prejudice. In light of the foregoing, it is also **RECOMMENDED** that plaintiffs' motion to amend the caption of the amended complaint (Dkt. #10), be **DENIED AS MOOT**.

Moreover, it is hereby **ORDERED** that the Clerk of the Court strike the exhibits containing plaintiffs' actual names (Dkt. #9-4; 9-5; 11-4; 11-5); that plaintiffs file these documents with their full names redacted and replaced with plaintiffs' initials; and that the Clerk of the Court seal the affidavit filed at Dkt. #9-9 & Dkt. #11-9.

Accordingly, pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made

and the basis for such objection and shall be supported by legal authority."  <u>Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Order and a copy of the Report and Recommendation to counsel for the parties.

**SO ORDERED.**

DATED:	Buffalo, New York
	September 2, 2008

*S/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**
